NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNISE KARINA VARGAS-DE CAMPOS; CHRISTOPHER ALEXANDER CAMPOS-VARGAS, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2279 <br><br> Agency Nos. <br> A208-759-078 <br> A208-759-077 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026[**]

Before: GOULD, MENDOZA, JR., and DESAI, Circuit Judges.

Dennise Karina Vargas-De Campos ("Vargas-De Campos") and her son

Christopher Alexander Campos-Vargas (collectively, "petitioners") petition for

review of an order by the Board of Immigration Appeals ("BIA") dismissing their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from an Immigration Judge's denial of their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denials of asylum, withholding of removal, and CAT protection for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition.

Petitioners, natives and citizens of El Salvador, entered the United States after gang members threatened Vargas-De Campos on two separate occasions after she resisted their efforts to search and question her son.

1. An applicant for asylum must demonstrate that she suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review the agency's conclusion that a given set of undisputed facts does not constitute persecution for substantial evidence. *Urias-Orellana v. Bondi*, 607 U.S. 537, 539 (2026).

***Past Persecution.*** The record does not compel the conclusion that petitioners' past harm rises to the level of persecution. We look to all of the surrounding circumstances to determine whether death threats rise to the level of persecution. *See Duran-Rodriguez*, 918 F.3d at 1028.

Here, the gang members' two threats were separated by months and lacked

25-2279

specificity. Moreover, the gang members did not follow up on their threats. *Id.* (stating that threats alone, particularly vague ones, rarely constitute persecution); *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (stating that "sporadic incidents, unaccompanied by an ongoing pattern of harm" are less likely to compel the conclusion of harm rising to the level of persecution). On this record, substantial evidence supports the agency's conclusion that petitioners' harm does not rise to the level of past persecution.

***Well-Founded Fear of Future Persecution.*** Absent evidence of past persecution, petitioners must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution and an objectively "reasonable possibility" of future persecution. *Duran-Rodriguez*, 918 F.3d at 1029. The objective component requires "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (citation modified). "Speculation on what could occur is not enough to establish a reasonable fear." *Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018).

Substantial evidence supports the agency's finding that petitioners' fear of future persecution is not objectively reasonable because Vargas-De Campos failed to present evidence that the gang has any continuing interest in her or her son. *See Sharma*, 9 F.4th at 1065 (upholding agency decision because "there is an insufficient

basis in the record to conclude that [the perpetrator] and his followers would have a continuing interest" in the petitioner). Moreover, generalized country conditions evidence is insufficient to show "an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals." *Lolong v. Gonzales*, 484 F.3d 1173, 1178–80 (9th Cir. 2007) (en banc).

We thus deny the petition with respect to petitioners' claim for asylum. Because petitioners have not established eligibility for asylum, it necessarily follows that they have not established eligibility for withholding of removal.[1] *See Duran-Rodriguez*, 918 F.3d at 1029.

2. To establish entitlement to CAT relief, a petitioner must show that it is more likely than not that she will face torture by or with the acquiescence of the government. *De Leon v. Garland*, 51 F.4th 992, 1000 (9th Cir. 2022).

Here, the gang members did not physically harm petitioners, and their two threats, separated by months, do not meet the "high threshold for torture." *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). Further, there is no evidence or claim that the gang members have pursued them since leaving El Salvador. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (stating that to

---

[1] Because the failure to establish past persecution or a well-founded fear of future persecution is dispositive of petitioners' asylum and withholding claims, *see Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004), we do not address the remaining issues on appeal.

demonstrate eligibility for CAT protection, an applicant must establish a "particularized and non-speculative risk" of future torture). Petitioners' country conditions report likewise does not establish a likelihood of torture or that any torture would be at the acquiescence of the government. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[G]eneral ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). Substantial evidence thus supports the denial of petitioners' CAT claim.

The petition for review is **DENIED.**[2]

---

[2] The temporary stay of removal shall remain in place until the mandate issues. The motion for a stay of removal, Dkt. No. 2, is otherwise denied.